■ In the Matter of MARIE A. CORLISS et al., Respondents, v ZONING BOARD OF TOWN OF EASTCHESTER, Appellant. [836 NYS2d 224]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Eastchester, dated June 29, 2005, which, after a hearing, denied the petitioners' application for a "lot-line change" or, in the alternative, for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered January 31, 2006, which granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Town of Eastchester with the direction to grant the application for both a lot-line change and an area variance.

Ordered that the judgment is modified, on the law, by deleting the provision thereof remitting the matter to the Zoning Board of Appeals of the Town of Eastchester with the direction to grant the application for a lot-line change and an area variance and substituting therefor a provision remitting the matter to the Planning Board of the Town of Eastchester with the direction to issue the de minimus lot-line adjustment and all necessary approvals to effect the same; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Planning Board of the Town of Eastchester for further proceedings in accordance herewith.

The petitioners own a parcel of land consisting of two adjacent lots. One of the lots is improved, while the other is not. Seeking

to develop the unimproved lot, the petitioners applied to the Planning Board of the Town of Eastchester (hereinafter the Planning Board) for a de minimis adjustment of the line between the two lots or, in the alternative, for an area variance. The petitioners needed the adjustment to bring the unimproved 5,095 square-foot lot into conformity with a zoning ordinance requiring lots in the R-6 Zoning District to be a minimum of 6,000 square feet for development. In their submissions to the Planning Board, the petitioners asserted that the "effective square" requirement of Town of Eastchester Zoning Ordinance § 9 (O) was not applicable to their request for a lot-line change. Thereafter, the Planning Board referred the matter to the Zoning Board of Appeals for the Town of Eastchester (hereinafter the ZBA), which implicitly determined that the effective square requirement applied to the petitioners' application. The ZBA then denied the petitioners an area variance which was needed to comply with the effective square requirement.

The petitioners commenced this CPLR article 78 proceeding for review of the ZBA's determination. The Supreme Court granted the petition, finding, inter alia, that the effective square requirement was inapplicable to the application, which was for a de minimis lot-line adjustment rather than subdivision approval, and, therefore, an area variance was not required. The ZBA appeals, and we now modify the judgment of the Supreme Court.

Town of Eastchester Zoning Ordinance § 9 (O) provides: "Every lot in a one- and two-family residential district created by final subdivision plat approved by the Planning Board after the effective date of this law shall be capable of containing a square wholly within its boundaries, the dimensions of which shall correspond to the dimensions listed in the Schedule of Residential District Regulations for the district, and some portion of the effective square shall touch the minimum required front yard setback line." Town of Eastchester Zoning Ordinance § 9 (C) (4) defines a final subdivision plat as a "drawing . . . in final form, showing a proposed subdivision," and a minor subdivision as a "division of land into fewer than five (5) lots along an existing public road in such a way as to require no new streets to be constructed."

Here, the effective square requirement is not applicable to the de minimis lot-line adjustment requested by the petitioners. At issue in the petitioners' application is a minor adjustment of a boundary line between two existing lots, and not the creation of two new lots through the subdivision process (cf. Matter of Angiolillo v Town of Greenburgh, 290 AD2d 1, 7-9 [2001]). Ac-

cordingly, the Supreme Court correctly concluded that the area variance was not required.

The Supreme Court, however, in its judgment improperly remitted the matter to the ZBA to issue the unnecessary area variance. Instead, the Supreme Court should have remitted the matter to the Planning Board (*see* Town of Eastchester Zoning Ordinance § 9) for the issuance to the petitioners of the necessary de minimis lot-line adjustment and all necessary approvals to effect the same.

In light of our determination, we need not address the parties' remaining contentions. Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.